**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00375-CR**
_____

**MICHAEL TERRELL THOMAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 20-33700**

**MEMORANDUM OPINION**

In an open plea, Appellant Michael Terrell Thomas pled guilty to the third-degree felony offense of evading arrest or detention with a motor vehicle. *See* Tex. Penal Code Ann. § 38.04(a), (b)(2)(A). The trial court placed him on deferred adjudication community supervision for ten years. The State thereafter moved to revoke Thomas's unadjudicated probation, alleging multiple violations of the terms of his community supervision, and Thomas pleaded "true" to several counts. The trial court revoked Thomas's probation, adjudicated him guilty, and sentenced him

1

to six years of confinement. *See id.* § 12.34 (providing third-degree felony punishment range of two to ten years).

Thomas's appellate counsel filed an *Anders* brief presenting counsel's professional evaluation of the record and concludes that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). After Thomas's counsel filed his brief, we granted an extension of time for Thomas to file a *pro se* response. Thomas has not filed a response.

The Court of Criminal Appeals has held that we need not address the merits of issues raised in an *Anders* brief. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Rather, an appellate court may determine: (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error[;]" or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.*

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief and have found no reversible error, and we conclude the appeal is wholly frivolous. *See Bledsoe*, 178 S.W.3d at 827–28. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the

2

appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on May 16, 2023
Opinion Delivered May 31, 2023
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.